NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINICK MARTIN, ) | CASE NO. CV 18-5001-R |
| ) | |
| Plaintiff, ) | ORDER DENYING PLAINTIFF'S |
| ) | MOTION TO REMAND |
| v. ) | |
| ) | |
| THE SERVICEMASTER COMPANY, LLC; ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is Plaintiff's Motion to Remand, which was filed on June 19, 2018. (Dkt. No. 12). Having been thoroughly briefed by both parties, this Court took the matter under submission on July 13, 2018.

On May 1, 2018, Plaintiff filed a complaint in the Superior Court for the County of Los Angeles alleging two claims: one for violation of California's Fair Employment and Housing Act, Cal. Gov't Code § 12940(m) (failure to make a reasonable accommodation), and one for failure to engage in the interactive process. On May 9, 2018, Defendant Servicemaster Company, LLC was served with the complaint. On June 5, 2018, Defendants timely removed the case on the basis of diversity jurisdiction.

A defendant may remove a civil action from state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441(a). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). The removing party must prove its jurisdictional allegations by a preponderance of the evidence. *Id.* at 567. If the complaint does not clearly establish the jurisdictional amount, then the court may consider facts in the removal petition. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Courts "may view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists…." *Jankins v. Wells Fargo Bank, N.A.*, No. CV 17-00887 BRO (AJW), 2017 WL 1181562, at *3 (C.D. Cal. March 29, 2017). The Federal Rules do not require that evidence in support of or in opposition to a motion to remand be admissible. *See id.*

Federal courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1331. For purposes of diversity jurisdiction, the citizenship of a limited liability company is based on citizenship of all of its members. See *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Diversity is determined by the state of the facts at the time the action was filed. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004).

The parties do not dispute that there is complete diversity of citizenship between the parties. However, the parties do dispute whether the required jurisdictional amount in excess of $75,000 has been satisfied.

Having reviewed the parties' briefs and supporting evidence, the Court finds that Defendants have established removal jurisdiction by a preponderance of the evidence. Defendants affirm the following. On April 10, 2018, Plaintiff sent a demand letter to defense counsel seeking $125,000 to settle. Three weeks later, Plaintiff filed a complaint seeking relief for all damages available under the law, punitive damages, and attorney's fees. Because Plaintiff did not specifically request general damages, Plaintiff may also seek special damages. Plaintiff claims he was attempting to apply for a job as an Outside Sales Representative. This position typically pays

in the range of $40,000-$60,000 annually, including commissions, with some incumbents earning $100,000 or more per year. Further, punitive damages are included in calculating the amount in controversy, and even if Plaintiff is awarded a minimal award for his damages, punitive damages can be substantial. *See State Farm v. Campbell*, where the Supreme Court ruled that a single-digit ratio (i.e., no more than nine-to-one) was appropriate when issuing an award of punitive damages. 538 U.S. 408, 425 (2003).

In addition, Plaintiff's Complaint seeks the recovery of attorney's fees. In determining the amount in controversy, the court should consider the aggregate value of claims for damages as well as attorney's fees. *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). With the $750 hourly rate of Plaintiff's counsel, Scott J. Ferrell, and the damages potentially recoverable, Defendants have met their burden of establishing that Plaintiff seeks to recover an amount in excess of $75,000 in this action. Accordingly, this Court has diversity jurisdiction over this action.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is DENIED. (Dkt. No. 12).

Dated: August 28, 2018.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE